IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA RUSSELL, AS ADMINISTRATRIX
OF THE ESTATE OF JEREMY T. RUSSELL
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JEREMY T. RUSSELL                       PLAINTIFF

V.                                              CAUSE NO. 3:22-CV-294-HTW-LGI

MANAGEMENT & TRAINING CORPORATION;
JOHN AND JANE DOE CORRECTIONAL OFFICERS;
VITALCORE HEALTH STRATEGIES, LLC; EVELYN
DUNN; STACEY KITCHENS; WILLIAM BRAZIER, and
JOHN AND JANE DOE MEDICAL PROVIDERS                      DEFENDANTS

ANSWER AND DEFENSES OF
VITALCORE HEALTH STRATEGIES, LLC

COMES NOW defendant VitalCore Health Strategies, LLC (hereinafter "VitalCore" or
"defendant"), by and through counsel, and, for answer to the complaint [1] filed by the plaintiff,
states as follows:

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Without waiving any affirmative defense set forth herein, and answering the specific
allegations of the complaint, VitalCore says:

**1.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of
the allegations of paragraph 1 of the complaint. With regard to the unnumbered introductory
paragraphs preceding paragraph 1, VitalCore admits the allegation of the first sentence of the first

1

such paragraph and further admits that the plaintiff attached a certificate of compliance as Exhibit 1 to the complaint. VitalCore is without knowledge or information sufficient to form a belief as to the truth of any other allegations of fact or law in such paragraphs.

**2.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint.

**3.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint.

**4.**

VitalCore admits the allegations of paragraph 4 of the complaint.

**5.**

VitalCore admits that Evelyn Dunn is a psychiatric/mental health nurse practitioner employed by VitalCore who provided services at EMCF and that she may be served personally. VitalCore denies the remaining allegations of paragraph 5 of the complaint.

**6.**

VitalCore admits that Stacey Kitchens is a nurse practitioner employed by VitalCore who provided services at CMCF and that she may be served personally. VitalCore denies the remaining allegations of paragraph 6 of the complaint.

**7.**

VitalCore admits that William Brazier is a physician employed by VitalCore who provided medical care to inmates at CMCF and that he may be served personally. VitalCore denies the remaining allegations of paragraph 5 of the complaint.

**8.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

**9.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

**10.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

**11.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint.

**12.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

**13.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

**14.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

**16.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint.

**17.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

**18.**

VitalCore admits that. Russell was administered haloperidol at CMCF and EMCF. VitalCore denies remaining allegations of paragraph 18 of the complaint.

**19.**

VitalCore denies the allegations of paragraph 19 of the complaint.

**20.**

VitalCore admits that Russell was transferred from CMCF to EMCF in late September 2021 and that he was placed on non-acute suicide watch on September 28, 2021. VitalCore is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the complaint.

**21.**

VitalCore admits that Russell's status was changed from non-acute suicide watch to psychiatric observation on September 29, 2021 and that his psychiatric observation status was discontinued on September 30, 2021. VitalCore denies any remaining allegations in paragraph 21 of the complaint.

**22.**

VitalCore admits that Russell was placed on non-acute suicide watch on October 4, 2021.

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Russell's state of mind. VitalCore denies the remaining allegations of paragraph 22 of the complaint.

**23.**

VitalCore admits that Evelyn Dunn discharged Russell from non-acute suicide watch on October 5, 2021. VitalCore denies the remaining allegations of paragraph 23 of the complaint.

**24.**

VitalCore admits that Evelyn Dunn saw Russell on October 6, 2021. VitalCore denies the remaining allegations of paragraph 24 of the complaint.

**25.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint.

**26.**

VitalCore admits that Russell was not placed on suicide watch on October 6, 2021 or October 7, 2021. VitalCore denies the remaining allegations of paragraph 26 of the complaint.

**27.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

**28.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint.

**29.**

VitalCore admits the allegations of paragraph 29 of the complaint.

**30.**

VitalCore denies the allegations of paragraph 30 of the complaint.

**31.**

VitalCore denies the allegations of paragraph 31 of the complaint.

**32.**

VitalCore denies the allegations of paragraph 32 of the complaint.

**33.**

VitalCore admits that Evelyn Dunn discharged Russell from suicide observation on October 5, 2021. VitalCore denies the remaining allegations of paragraph 33 of the complaint.

**34.**

VitalCore admits that Russell was discharged from non-acute suicide observation to "camp support" housing. VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint.

**35.**

VitalCore denies the allegations of paragraph 35 of the complaint.

**36.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the complaint.

**37.**

VitalCore denies the allegations of paragraph 37 of the complaint.

**38.**

VitalCore denies the allegations of paragraph 38 of the complaint.

**39.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the complaint.

**40.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the complaint.

**41.**

VitalCore denies the allegations of paragraph 41 of the complaint.

**42**.

VitalCore denies the allegations of paragraph 42 of the complaint.

**43.**

VitalCore denies the allegations of paragraph 43 of the complaint.

**44.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44  of the complaint.

**45.**

VitalCore denies the allegations of paragraph 45 of the complaint.

**46.**

VitalCore denies the allegations of paragraph 46 of the complaint.

**47.**

VitalCore denies the allegations of paragraph 47 of the complaint.

**48.**

VitalCore denies the allegations of paragraph 48 of the complaint.

**49.**

VitalCore denies the allegations of paragraph 49 of the complaint.

**50.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 regarding MTC and its employees. VitalCore denies the remaining allegations of paragraph 50 of the complaint.

**51.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the complaint.

**52.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the complaint.

**53.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 53 of the complaint. VitalCore denies the remaining allegations of paragraph 53.

**54.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the complaint.

**55.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the complaint.

**56.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the complaint.

**57.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the complaint.

**58.**

VitalCore denies the allegations of paragraph 58 of the complaint.

**59.**

VitalCore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the complaint.

VitalCore denies the allegations in the paragraph under the heading "Relief Demanded," including subparagraphs (a) through (i) thereof, and denies that the plaintiff is entitled to any of the relief demanded therein or to any other relief whatsoever.

## THIRD DEFENSE

If VitalCore' s alleged acts are deemed to have been under color of state law, it is entitled to qualified immunity from suit and liability in that it did not violate any clearly established statutory or constitutional rights of the plaintiff of which a reasonable person in its position would have been aware and acted with objective reasonableness or in good faith.

## FOURTH DEFENSE

With respect to the claims asserted against this defendant, the complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure in that it fails to give a short and plain statement of the claim or in that it fails to plead any non-conclusory allegations of wrongful

conduct, and therefore such claims against this defendant should be dismissed.

**FIFTH DEFENSE**

The plaintiff is precluded from maintaining a "survival" claim for damages allegedly sustained by Jeremy T. Russell prior to his death arising from alleged violations of federal law because Mr. Russell could not have maintained such claims had he lived due to his failure to seek and exhaust administrative remedies available to him with respect to such alleged acts or omissions as required by the Prison Litigation Reform Act.

**SIXTH DEFENSE**

To the extent that a good faith factual or legal basis exists or may hereafter be discovered, VitalCore affirmatively pleads that the alleged injuries and damages complained of by the plaintiff in the complaint were caused and/or contributed to by: preexisting medical conditions of the plaintiffs' decedent, Jeremy T. Russell; and/or intervening causes unrelated to any health care services provided to Mr. Russell; and/or the actions or omissions of individuals or entities over which VitalCore exercised no control, including deliberate or negligent actions and omissions of Mr. Russell, and for which said defendant bears no legal responsibility.

**SEVENTH DEFENSE**

VitalCore did not do or fail to do anything that caused or contributed to the alleged injuries or damages set forth in the complaint and breached no duty owed to Jeremy T. Russell  or the plaintiffs.

**EIGHTH DEFENSE**

VitalCore was not negligent and did, in fact, exercise care, skill, and diligence in accord with all applicable standard(s) of care concerning the health care services, if any, provided to the plaintiffs' decedent, Jeremy T. Russell, and thus, no action lies herein against said defendant.

10

## NINTH DEFENSE

To the extent a good faith factual or legal basis exists or may hereafter be discovered, VitalCore asserts the defenses of waiver and estoppel.

## TENTH DEFENSE

With respect to plaintiff's claims for medical negligence under state law, VitalCore asserts all defenses to such claims that may be applicable under section 15-1-36 of the Mississippi Code, including that the claims must be dismissed for failure to comply with pre-suit notice requirements of that statute.

## ELEVENTH DEFENSE

With respect to plaintiff's claims for negligence under state law, VitalCore invokes, reserves, and hereby pleads all applicable rights and defenses created by MISS. CODE ANN. § 85-5-7 (1989, as amended), § 11-1-65 (1994, as amended), and by the Medical Malpractice Reform Act.

## TWELFTH DEFENSE

Punitive damages cannot be justified in this case, and any award of punitive or other extra-contractual damages against this defendant would be in violation of the constitutional safeguards provided to said defendant under the constitutions of the State of Mississippi and the United States of America and also specifically violative of the Mississippi Tort Claims Act. Specifically:

A.    Any imposition of punitive damages against this defendant in this cause would violate the due process clauses of the fourteenth amendment to the United States Constitution and of Article 3, Section 14 of the Mississippi Constitution of 1890 in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is

vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interests.

B.      Any imposition of punitive damages against this defendant in this case would constitute an excessive fine in violation of Article 3, Section 28, of the Mississippi Constitution of 1890 and of the due process clauses of the fourteenth amendment to the United States Constitution and of Article 3, Section 14, of the Mississippi Constitution of 1890.

C.      Any imposition of punitive damages against this defendant in this cause based on wealth would violate the equal protection clause of the fourteenth amendment to the United States Constitution.

D.      Any award of punitive damages against this defendant in this case would be violative of the procedural safeguards provided said defendant under the fourth, fifth and sixth amendments to the United States Constitution in that punitive damages are penal in nature, and this defendant is entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

E.      Any imposition of punitive damages against this defendant in this case would constitute an ex post facto law in violation of Article I, Section 10, Clause 1, of the United States Constitution and of Article 3, Section 16, of the Mississippi Constitution of 1890.

## THIRTEENTH DEFENSE

VitalCore invokes, reserves, and hereby pleads all other applicable rights and defenses created by or otherwise enumerated in Rules 8 and 12 of the Federal Rules of Civil Procedure for which a good faith factual or legal basis exists or may hereafter be discovered.

## FOURTEENTH DEFENSE

VitalCore incorporates and adopts any other affirmative defenses asserted by any co-

defendant that may be applicable to the claims against him.

   **AND NOW**, having fully answered the complaint and set forth the affirmative defenses herein, VitalCore denies any and all liability and denies that the plaintiff is entitled to any recovery whatsoever and respectfully requests that the claims against it be dismissed with prejudice with all costs assessed to the plaintiff.

                                   RESPECTFULLY SUBMITTED,

                                   VITALCORE HEALTH STRATEGIES,
                                   LLC, Defendant

                                   By: _/s/ John G. Wheeler_____
                                       JOHN G. WHEELER
                                       Mississippi Bar No. 8622
                                       jwheeler@mitchellmcnutt.com

                                       MICHAEL CHASE
                                       Mississippi Bar No. 5969
                                       mchase@mitchellmcnutt.com

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
Telephone: 662-842-3871
Facsimile: 662-842-8450

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing ANSWER AND DEFENSES OF VITALCORE HEALTH STRATEGIES, LLC with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court.

 */s/ John G. Wheeler*
JOHN G. WHEELER