IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA RUSSELL, AS ADMINISTRATRIX
OF THE ESTATE OF JEREMY T. RUSSELL
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JEREMY T. RUSSELL                                    PLAINTIFF

V.                                                              CAUSE NO. 3:22-CV-294-HTW-LGI

MANAGEMENT & TRAINING CORPORATION, et al.                    DEFENDANTS

MOTION OF MEDICAL DEFENDANTS FOR PARTIAL
SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR
LOSS OF HOUSEHOLD SERVICES AND "ENTITLEMENT BENEFITS"

COME NOW defendants VitalCore Health Strategies, LLC, Evelyn Dunn, Stacey Kitchens, and William Brazier, ("medical defendants"), by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and move for partial summary judgment as to the plaintiff's claim for loss of household services and "entitlement benefits." As grounds for the motion, the medical defendants would show as follows:

1. Plaintiff Angela Russell brought this action on behalf of herself and other statutory beneficiaries under the wrongful death statute. Among the damages claimed are alleged future economic damages sustained because of the death of the decedent. These alleged damages are for:

    a. the alleged loss of future household services that the decedent, Jeremy Russell, purportedly would have provided for himself but for his death; and

    b. the alleged loss of future "entitlement benefits," which, according to the plaintiff's designated economics expert, consist of payments required by law to be made to the government by an employer for the benefit programs of Social Security and

1

Medicare, government-imposed or required costs or assessments related to state workers' compensation and unemployment compensation programs, and government-mandated health insurance benefits under the Affordable Care Act.

2. The lost household services postulated by Dr. Carter and claimed by the plaintiff are not recoverable under the wrongful death statute because:

   a. They are not services Russell would have provided to any of the beneficiaries and thus do not represent a loss to the survivors of anything they had an expectation of receiving from Russell but for his death or for which the beneficiaries will incur a cost for replacement services.

   b. The alleged value of the services was determined by the plaintiff's expert solely based on statistical studies and was not based on any competent evidence regarding whether Russell provided household services prior to his death and, if so, what types of services he provided. The expert's opinion is thus unreliable and cannot support a jury finding as to any alleged loss of services or their value.

3. The "entitlement benefits" postulated by Dr. Carter and claimed by the plaintiff are not recoverable because:

   a. The posited "benefits" are not a recoverable element of a wrongful death claim, because:

      (i) The supposed "benefits" are taxes paid to the government or other government-mandated expenditures by prospective employers to support benefits programs and would not have been received by or been income to Russell.

      (ii) The employer payments would not have secured any benefits that the beneficiaries would have received and would not have resulted in any sum

    remaining in the decedent's estate at his death to be distributed to his heirs.

    (iii) Recovery of the employer payments is foreclosed by the wrongful death statute because it would put the beneficiaries in a better financial position than if Russell had lived.

    b. the plaintiff's expert's calculation of the "entitlement benefits" as a percentage of Russell's projected lost income is unreliable and inadmissible because the calculation of lost income upon which it is based is unreliable and inadmissible since it is not based on Russell's actual employment history but only on statistical averages, and the consequent absence of competent expert testimony precludes the plaintiff from establishing the claim for "entitlement benefits."

In support of the motion, the medical defendants incorporate herein by reference their accompanying memorandum of authorities and further rely on the following materials:

(1) the report of the plaintiff's expert, Dr. George Carter (attached hereto as Exhibit 1);

(2) portions of the deposition of Dr. Carter (attached hereto as Exhibit 2);

(3) portions of the deposition of Angela Russell (attached hereto as Exhibit 3).

WHEREFORE, the medical defendants respectfully ask the Court to enter an order granting partial summary judgment to them as to plaintiff's claims for loss of household services and "entitlement benefits" and dismissing said claims with prejudice.

                                        RESPECTFULLY SUBMITTED,

                                        VITALCORE HEALTH STRATEGIES, LLC, EVELYN DUNN, STACEY KITCHENS, AND WILLIAM BRAZIER, Defendants

                                        By: */s/ John G. Wheeler*
                                              JOHN G. WHEELER
                                              Mississippi Bar No. 8622
                                              jwheeler@mitchellmcnutt.com

                                              MICHAEL CHASE
                                              Mississippi Bar No. 5969
                                              mchase@mitchellmcnutt.com

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
Telephone: 662-842-3871
Facsimile: 662-842-8450

## **CERTIFICATE OF SERVICE**

      I certify that I have this day electronically filed the foregoing, MOTION OF MEDICAL DEFENDANTS FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR LOSS OF HOUSEHOLD SERVICES AND "ENTITLEMENT BENEFITS" with the Clerk of the Court using the ECF system, which effected service on counsel who have appeared in this action and are registered with the system.

      This, the 11th day of August, 2023.

                                                */s/ John G. Wheeler*
                                                JOHN G. WHEELER