IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA RUSSELL, as Administratrix                                    PLAINTIFF
of the Estate of Jeremy T. Russell, and
on Behalf of the Wrongful Death
Beneficiaries of Jeremy T. Russell

v.                               CIVIL ACTION NO. 3:22-CV-294-HTW-LGI

MANAGEMENT & TRAINING CORPORATION;
JOHN AND JANE DOE CORRECTIONAL OFFICERS;
VITALCORE HEALTH STRATEGIES, LLC; EVELYN
DUNN; STACEY KITCHES; WILLIAM BRAZIER; and
JOHN AND JANE DOE MEDICAL PROVIDERS                                  DEFENDANTS

## AFFIDAVIT OF KAREI MCDONALD

STATE OF MISSISSIPPI
COUNTY OF HINDS

      Before me, the undersigned authority, personally appeared _____, who being by me first duly sworn, did depose and declare under oath as follows:

      1.     My name is _____. I am over the age of twenty-one years and a resident of _____ County, Mississippi. I have personal knowledge of the facts in this Affidavit.

      2.     I have been employed with the Mississippi Department of Corrections ("the MDOC") in the position of _____ at all times relevant to the issues contained in this Affidavit. I provide this affidavit solely in my professional capacity.

      3.     Pursuant to my employment with the MDOC, I am familiar with the contracts governing Management & Training Corporation's ("MTC") operation of the East Mississippi Correctional Facility ("EMCF") as well as the contract between MDOC

and VitalCore Health Strategies, LLC ("VitalCore") governing the provision of medical and mental health services at EMCF (and other facilities). I am further familiar with the distinct roles, responsibilities, duties, and obligations of both MTC and VitalCore under these contracts with respect to EMCF.

4.     VitalCore has a direct contractual relationship with MDOC with respect to the provision of medical and mental health services at EMCF. It is not a subcontractor to or contractually affiliated with MTC.

5.     MTC's roles, responsibilities, duties and obligations at EMCF are clearly delineated and set forth in the contracts governing MTC's operation of EMCF. Such contracts do not delegate any responsibility for medical, mental health, pharmaceutical or similar healthcare services at EMCF to MTC. To the contrary, all medical and mental health services at EMCF have been contracted exclusively to VitalCore.

6.     The contracts governing MTC's operation of EMCF do not require or allow MTC to (i) provide medical or mental health services at EMCF, (ii) employ or contract with any physicians, nurses, health services administrators, or other trained medical or mental health professionals at EMCF, (iii) fund any medical or mental health services at EMCF, or (iv) control, employ, train, supervise, direct or otherwise have any authority over VitalCore and/or its employees.

7.     VitalCore's roles, responsibilities, duties, and obligations are likewise clearly set forth in its contract with MDOC. The VitalCore contract does not contain any language that requires VitalCore to defer to MTC or follow MTC's policies or procedures with respect to the provision of medical or mental health services at EMCF. Nor does the

3

contract delegate or allow VitalCore to delegate to MTC responsibility for any aspect of the medical or mental healthcare to be provided to inmates at EMCF.

FURTHER AFFIANT SAITH NOT.

DATED this _____ day of August, 2023.

_____

SWORN TO and subscribed before me this the ___ day August, 2023.

_____
Notary Public

My Commission Expires: _____