IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA RUSSELL, AS ADMINISTRATRIX
OF THE ESTATE OF JEREMY T. RUSSELL
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JEREMY T. RUSSELL                              PLAINTIFF

V.                                                  CASE NO. 3:22-cv-294-HTW-LGI

MANAGEMENT & TRAINING CORPORATION; et al.              DEFENDANTS

ANGELA RUSSELL'S RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION

Angela Russell objects and responds to Management Training Corporation's ("MTC") first set of requests for admission.

GENERAL OBJECTIONS

Angela objects to MTC's instructions insofar as they go beyond the purpose of providing clarity and create unreasonable overbreadth in the requests for admission that follow them.

Angela further objects to these requests insofar as they impose more obligations than does Federal Rule of Civil Procedure 36.

REQUEST No. 1: Admit that despite clear policy prohibiting such, Jeremy Russell acquired and took illegal narcotics while incarcerated.

RESPONSE: Objection is interposed to the argumentative phrasing and any adverse implication that may arise by virtue of that phrasing. Without waiver, it is admitted that Jeremy Russell was able to acquire illegal narcotics while in the custody of MDOC, including at East Mississippi Correctional Facility. As Michael

McClinton testified, illegal narcotics were made available to inmates because "bad employees" of MTC smuggled the illegal narcotics into the facility.

REQUEST No. 2: Admit that Jeremy Russell did in fact take his own life by suicide and was not killed either accidently or intentionally by an inmate or employee of Management & Training Corporation.

RESPONSE: Denied on insufficient information. The evidence adduced strongly suggests this is the case, but the answering party (after making reasonable inquiry) cannot conclusively admit or deny this request based on the information available to her.

Further, this request is expressly denied insofar as "killed . . . accidently or intentionally . . . by an . . . employee" of MTC is meant to absolve MTC employees from their negligent or deliberately indifferent actions and omissions that causally contributed to Jeremy's death.

REQUEST No. 3: Admit that there is no actual evidence of why Jeremy Russell committed suicide.

RESPONSE: Denied.

REQUEST No. 4: Admit that Jeremy Russell was not on "Suicide Watch" at the time he committed suicide.

RESPONSE: Objection to this request as ambiguous because "Suicide Watch" is quoted and capitalized but it is not, in fact, a term defined by MTC's discovery requests. Without waiver, it is admitted that Jeremy Russell was not on suicide watch as that term is used by the medical professionals and officers working within East

2

Mississippi Correctional Facility. Russell was housed in an acute care unit called "camp support," which was effectively a step-down unit that was required to be regularly rounded and monitored by two MTC officers on a 24/7 basis.

REQUEST No. 5: Admit that Management & Training Corporation does not determine if and when an inmate should be placed on suicide watch or observation.

RESPONSE: It is admitted only that MTC, as a fictional legal entity, cannot and does not literally make any determinations; persons acting on its behalf do. It is denied that MTC (and those acting on its behalf) are somehow not *responsible* for determining if and when an inmate should be placed on suicide watch or observation. MTC is exclusively appointed as the manager and operator of East Mississippi Correctional Facility and is obligated to maintain and manage the facility in compliance with federal and state laws and applicable standards. Further, a policy adopted and maintained by MTC specifically prohibits an inmate being taken off suicide watch without an order from a physician or psychologist.

REQUEST No. 6: Admit that Management & Training Corporation is not responsible for mental and/or medical healthcare treatment to inmates incarcerated at East Mississippi Correctional Facility.

RESPONSE: Denied.

REQUEST No. 7: Admit that due to the architectural structure of the unit Jeremy Russell was housed in, Jeremy Russell could not have known the unit was unstaffed at the time of his suicide while housed inside his cell.

RESPONSE: Denied.

3

REQUEST No. 8: Admit that Angela Russell never told any agent or employee of Management & Training Corporation that Jeremy Russell wanted to commit suicide in October, 2021.

RESPONSE: Denied.

REQUEST No. 9: Admit that Jeremy Russell never told Angela Russell that he wanted to commit suicide in October, 2021.

RESPONSE: Denied.

REQUEST No. 10: Admit that you cannot identify by name any MTC employee that provided or allowed access to illegal narcotics to Jeremy Russell while incarcerated at East Mississippi Correctional Facility.

RESPONSE: Admitted only that Ms. Russell cannot *currently* identify the name of any MTC employee that provided or allowed access to illegal narcotics by Jeremy.

REQUEST No. 11: Admit that you have no proof to substantiate your claims asserted in paragraph 48 of your Second Amended Complaint.

RESPONSE: Denied.

REQUEST No. 12: Admit that you have no proof to substantiate your claims asserted in the first two sentences of paragraph 71 of your Second Amended Complaint.

RESPONSE: Denied.

REQUEST No. 13: Admit that you have no proof to substantiate your claims asserted in paragraph 72 of your Second Amended Complaint.

4

RESPONSE: Denied.

REQUEST No. 14: Admit that you have no proof to substantiate your claims asserted in paragraph 74 of your Second Amended Complaint.

RESPONSE: Denied.

REQUEST No. 15: Admit that there you have no proof of a causal connection between your allegation contained in the last sentence of paragraph 51 of your Second Amended Complaint and Jeremy Russell's death.

RESPONSE: Denied.

REQUEST No. 16: Admit that the allegations contained in Count 2 – Wrongful Administration of Medication – in your Second Amended Complaint cannot legally be directed towards Defendant MTC.

RESPONSE: Denied.

Dated this the 19th day of April, 2023.

                Respectfully submitted,

                ANGELA RUSSELL

                BY:   *Grafton E. Bragg*
                        GRAFTON E. BRAGG (MSB # 104821)

BraggLaw, PLLC
1060 East County Line Road
Suite 3A-120
Ridgeland, MS 39157
601.624.1153
grafton@graftonbragglaw.com

## CERTIFICATE OF SERVICE

I, Grafton E. Bragg, hereby certify that I have this day served the foregoing document via electronic means to:

Jarrad Garner
Ray Young
Adams and Reece, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157

Michael Chase
Mitchell McNutt & Sams, PA
105 South Front Street
PO Box 7120
Tupelo, MS 38802

This the 19th day of April, 2023.

*Grafton E. Bragg*
GRAFTON E. BRAGG (MSB # 104821)